UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Gonzalo Ramos-Ruiz,<br><br>　　　　　Petitioner<br><br>v.<br><br>United States Citizenship and Immigration Services (USCIS), et al.,<br><br>　　　　　Respondents | Case No. 2:25-cv-00825-CDS-NJK<br><br>**Order Dismissing Petition for Writ of Mandamus**<br><br>[ECF No. 5] |

　　　On June 30, 2025, pro se petitioner Gonzalo Ramos-Ruiz filed a writ of mandamus.[1] Writ, ECF No. 5. Liberally construing the filing, Ramos-Ruiz moves this court to order or compel defendants[2] to initiate a criminal investigation into Maria Louisa Sanchez-Plata, a woman to whom he was previously married; their union has since been voided because of a state court finding of bigamy. *Id.* at 4–7; 9–10. For the reasons set forth herein, the petition for writ of mandamus is denied.

I.　**Discussion**

　　　Federal court jurisdiction is limited to "cases" or "controversies" under Article III of the United States Constitution. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). For a case or controversy to exist, Ramos-Ruiz must have suffered an "injury in fact": an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560. Further, there must be a "causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some

---

[1] The court liberally construes this filing as a petition for writ of mandamus.
[2] The named defendants are the directors of United States Citizenship and Immigration Services (USCIS), the Immigration and Customs Enforcement (ICE), the Department of Homeland Security, the Attorney General of the United States, Pamela Bondi, and the interim U.S. Attorney for the District of Nevada, Sigal Chattah. *See* ECF No. 5.

third party not before the Court.'" *Id.* (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)). Last, it must be "likely," as opposed to merely "speculative" that the injury will be "redressed by a favorable decision." *Id.* at 560–61 (internal citations omitted). It does not appear from the petition that Ramos-Ruiz has suffered an "injury in fact." Rather, Ramos-Ruiz wants the defendants to investigate Sanchez-Plata, seeking their assistance in proving the alleged "marriage fraud" to help him resolve what appears to be a dispute of division of property. *See* ECF No. 5 at 7, ¶ 20; *id.* at 10, ¶ 26. But this is not an injury. Even if an investigation took place and it was determined that marriage fraud took place, that would not give rise to an injury as the fraud is traceable to Sanchez-Plata, not the defendants. And any determination of marriage fraud would not guarantee resolution of the property dispute between Ramos-Ruiz and Sanchez-Plata. Without standing, this court lacks jurisdiction over this action, so it must be dismissed.

      Further, even if Ramos-Ruiz could demonstrate an injury-in-fact, mandamus relief is not available here. The United States Supreme Court has long held that mandamus relief is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)) (internal quotation marks omitted). Ramos-Ruiz does not demonstrate that this case is one deserving of the drastic and extraordinary remedy of mandamus relief. Ramos-Ruiz asks that the defendants be ordered to investigation Sanchez-Plata for violations of Title 8, United States Code, Sections 1154 and 1325, and Title 18, United States Code, Section 1546. ECF No. 5 at 9–10. But mandamus is not available to obtain the relief Ramos-Ruiz requests because under federal law, this court lacks the power to compel a federal criminal investigation at the request of a citizen plaintiff. *See, e.g., Ardalan v. McHugh*, 2014 U.S. Dist. LEXIS 106984, at *12 n.4 (N.D. Cal. Aug. 4, 2014); *Leisure v. FBI of Columbus, Ohio*, 2 F. App'x 488, 490 (6th Cir. 2001); *see also City of Milwaukee v. Saxbe*, 546 F.2d 693, 701 (7th Cir. 1976); *Moses v. Katzenbach*, 342 F.2d 931 (D.C. Cir. 1965) Indeed, the criminal investigation or prosecution of individuals is a discretionary function that rests with the government and may not be compelled. *Wayte v. United States*, 470 U.S. 598, 607 (1985) ("In our

criminal justice system, the Government retains 'broad discretion' as to whom to prosecute."); *Asanov v. Plekan*, 2024 U.S. Dist. LEXIS 41174, at *4 (E.D.N.C. Jan. 29, 2024). Consequently, this action cannot proceed. Accordingly, the court dismisses Ramos-Ruiz's petition for writ of mandamus for lack of jurisdiction.[3]

## II. Conclusion

IT IS HEREBY ORDERED that Ramos-Ruiz's petition for writ of mandamus **[ECF No. 5] is DISMISSED** for lack of subject-matter jurisdiction.

The Clerk of Court is kindly directed to close this case.

Dated: July 30, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] Even if this court erred in dismissing for lack of jurisdiction, this case would be dismissed for the reasons set forth in this order.